**STEVEN E. FELDMAN, SBN 56979**
LAW OFFICES OF STEVEN E. FELDMAN
934 23rd Street
San Diego, CA 92102
(619) 232-8649

Attorney for Defendant **XU JUN LEE**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HONORABLE JANIS M. SAMMARTINO)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>XU JUN LEE,<br>Defendant. | Criminal Case No. 08CR0369 JLS<br><br>**STATEMENT OF FACTS AND POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |

**I.**

**STATEMENT OF FACTS**

This statement of facts is based on the discovery provided to counsel thus far. Defendant does not accept this statement of facts as his own statement and reserves the right to take a contrary position at motions or trial.

While on routine patrol, officer Bradley Kent of the Department of BLM Public Lands, was traveling along country road S2, near the San Diego Imperial County line. He observed an SUV, later determined to be driven by defendant Xu June Lee, and a van, later determined to be driven by defendant Cheong Sau Wong, traveling "in tandem" northbound on S2 at a high rate of speed. Kent was on joint patrol with Rangers Nieblas and Cox. Rangers Nieblas and Cox were doubled up in one patrol vehicle as Kent was alone in his vehicle.

When Kent able to catch up with the SUV that was behind the van, the SUV accelerated and passed the van on a blind curve, and crossed over double yellow lines. When Kent caught up with the SUV for a second time, the driver suddenly pulled over onto the shoulder of S2 and stopped. Kent then

activated his emergency lights and siren to perform a traffic stop on the SUV.

Kent activated his emergency lights and siren and pulled behind the SUV for the above-mentioned traffic violations. Rangers Nieblas and Cox performed a vehicle stop on the Van north of Kent's location for vehicle code violations.

The drivers of both vehicles provided conflicting information when answering routine questions relating to the respective traffic stops. As a result, five undocumented Chinese Nationals' were discovered concealed in a wooden box underneath a couch in the van and the driver of each vehicle had matching two-way radios. A total of $11,300.00 in U.S. currency was discovered in the SUV and on the person of Lee. .

## II.

## MOTION TO COMPEL DISCOVERY

As of this writing, defense counsel has received some discovery but believes that much still exists, in particular regarding potential informants. Therefore, he seeks all discovery appropriate under Rule 16 and the U.S. Constitution. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989):

(1) The Defendant's Statements. Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled to disclosure all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant (See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A);

(2) Arrest Reports, Notes and Dispatch Tapes. The defendant also specifically requests that all

arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975), cert. denied, 424 U.S. 920 (1976); United States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967); Loux v. United States, 389 F.2d 911 (9th Cir.), cert. denied, 333 U.S. 867 (1968). Arrest reports, investigators' notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I);

(3) Reports of Scientific Tests or Examinations. Pursuant to Fed. R. Crim. P. 16(D), Mr. XU JUN LEE requests the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to any fingerprint tests done upon any evidence and any testing done upon the alleged aliens that were seized, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial;

(4) Brady Material. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976);

(5) Any Information that May Result in a Lower Sentence under the United States Sentencing Guidelines (U.S.S.G.) or 18 U.S.C. 3553. As discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963);

/

(6) The Defendant's Prior Record. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B);

(7) Any Proposed 404(b). Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial;

(8) Evidence Seized. Evidence seized as a result of any search, either warrantees or with a warrant, are discoverable under Fed. R. Crim. P. 16(a)(1)(C);

(9) Request for Preservation of Evidence. The defendant specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, any samples used to run any scientific tests, any statements of alleged material witnesses, and any evidence seized from any third party;

(10) Tangible Objects. The defendant requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs, of building or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant;

(11) Evidence of Bias or Motive to Lie. The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

(12) Impeachment Evidence. The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and

613. Such evidence is discoverable under Brady v. Maryland, supra;

(13) Evidence of Criminal Investigation of Any Government Witness. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.) cert. denied, 474 U.S. 945 (1985);

(14) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling. The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988);

(15) Witness Addresses. The defendant requests legible copies of the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses), cert. denied, 444 U.S. 1034 (1980). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984);

(16) Name of Witnesses Favorable to the Defendant. The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

(17) Statements Relevant to the Defense. The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

(18) Jencks Act Material. The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitutes an accurate account of the witness' interview

is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). The defense requests pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during trial;

(19) Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses;

(20) Personnel Records of Government Officers Involved in the Arrest. The defendant requests all citizen complaints and other related internal affairs' documents involving any of the law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to Pitchess v. Superior Court, 11 Cal.3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source;

(21) Government Examination of Law Enforcement Personnel Files. Mr. XU JUN LEE requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Mr. XU JUN LEE requests that these files be reviewed for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). Mr. XU JUN LEE specifically requests that the prosecutor, not the law enforcement officers or attorneys for other government agencies, review the files in this case because only they have sufficient knowledge of the facts of this case to determine what materials might constitute impeachment material relevant to Mr. XU JUN LEE's case;

(22) Expert Summaries. Pursuant to Fed.R.Crim.P. 16(a)(1)(E), Mr. XU JUN LEE requests that the government disclose a written summary of testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case in chief at trial, including the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications;

/

(23) TECS and AVIS Information. Mr. XU JUN LEE requests production of all TECS records and AVIS records used to investigate him or the vehicle or vehicles in which he and his co-defendant Wong were seized; all TECS and AVIS records for any days on which he is alleged to have crossed into the United States including but not limited to any vehicles the government believes he used to cross over; all information from the TECS site in Newington, Virginia, or any other location, that documents when TECS or AVIS had malfunctions or was not operating fully and completely, during the periods in which Mr. XU JUN LEE is alleged to have crossed.

(24) All Information Relevant to Sentencing. Mr. XU JUN LEE hereby requests all information relevant to sentencing, particularly information upon which the government will rely to establish the alleged risk of harm to any alleged victims. The Ninth Circuit has held that under Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), that elements of the offense that must be proved beyond a reasonable doubt to the jury. United States v. Garcia-Guizar, 227 F.3d 1125 (9th Cir. 2000); United States v. Nordby, 225 F.3d 1053 (9th Cir. 2000). Therefore, Mr. XU JUN LEE has a right to all information in the government's possession relevant to the proof of this crucial fact.

## III.

## MR. XU JUN LEE REQUESTS LEAVE TO FILE FURTHER MOTIONS

As noted previously, counsel has been given very little discovery regarding the investigation in this case, apart from the affidavit in support of the search warrant for Mr. XU JUN LEE's home. Should counsel's investigation and production of discovery lead counsel to determine that additional pretrial motions are appropriate, he may seek leave to file those motions. It is therefore requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery and investigative process.

## IV.

## CONCLUSION

For the foregoing reasons, Mr. XU JUN LEE respectfully requests that this Court grant these motions.

/

Respectfully submitted,

Dated: February 25, 2008

s/Steven E. Feldman,
Attorney for Defendant XU JUN LEE
sfeldman77@san.rr.com