AL SMITHSON, Esq.
830 23rd Street
San Diego, California 92102
(619) 234-8729
Attorney State Bar No. 51611
Attorney for Material Witnesses:
MING ZHOU ZHU
LIANGNENG JIANG
YUHAI WANG
XUZAI DONG
LIQIU LIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
(Honorable RUBEN B. BROOKS)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHEONG SAU WONG,<br>XU JUN LEE<br><br>Defendants. | CRIMINAL CASE 08CR0396-JLS<br>MAGISTRATE CASE 08MJ8096-PCL<br>DATE: March 13, 2008<br>TIME: 9:00 A.M.<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER SETTING VIDEO DEPOSITION OF MATERIAL WITNESSES<br>MING ZHOU ZHU<br>LIANGNENG JIANG<br>YUHAI WANG<br>XUZAI DONG<br>LIQIU LIN |

I.

INTRODUCTION

The material witnesses, MING ZHOU ZHU, LIANGNENG JIANG, YUHAI WANG, XUZAI DONG and LIQIU LIN, were arrested on or about January 29 , 2008, and have remained in custody since that date.

Witnesses, MING ZHOU ZHU, LIANGNENG JIANG, YUHAI WANG, XUZAI DONG and LIQIU LIN, seek an Order by this Court under 18 U.S.C.

Section 3144 and Federal Rule of Criminal Procedure 15 to have their testimony preserved in a video deposition as they have been unable to secure a surety under the conditions imposed by the government in this matter.

II.

UNDER EXISTING FEDERAL LAW
THE COURT IS REQUIRED TO ORDER
THE DEPOSITION AND RELEASE OF THESE WITNESSES

18 U.S.C. Section 3144 provides that material witnesses who are unable to comply with any condition of release have the right to have their deposition taken and thereafter be released:

"No material witness may be detained because of inability to comply with an condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice..."

"Upon such a showing, the district *must* order [the witness'] deposition and prompt release." (Torres-Ruiz v. United States District Court for the Southern District Court of California, 120 F.3d 933, 935 (9th Cir., 1997)) (emphasis in original).

Further, Federal Rule of Criminal Procedure 15 (a) provides the procedure basis for this motion for deposition:

"If a witness is detained pursuant to Section 3144 of Title 18, United States Code, the Court on written motion of the witness and upon notice to the parties may direct that the witness's deposition be taken. After the deposition has been subscribed the Court may discharge the witness..."

**Under such circumstances, "if the deposition would prove admissible over any objection under the Confrontation Clause of the United States Constitution or the Federal Rules of Evidence, the material [witness] must be deposed rather than detained." (Aguilar-Ayala v. Ruiz, 973 F.2d 411, 413 (5th Cir. 1992)).**

**The language of 18 U.S.C. Section 3144 is mandatory and requires material witnesses's deposition and release.**

**Further, legislative history supports the position that the deposition and release of a material witness is mandatory.**

**Section 3144: RELEASE OR DETENTION OF A MATERIAL WITNESS, reads (in part):**

**This Section carries forward, with two significant changes, current 18 U.S.C. 3149 which concerns the release of a material witness. If a person's testimony is that it may become impracticable to secure his presence by subpena, the government is authorized to take such person into custody. A judicial officer is to treat such a person in accordance with Section 3142 and to impose those conditions of release that he finds to be reasonably necessary to assure the presence of the witness as required, or if no conditions of release will assure the appearance of the witness, order his detention as provided in Section 3142. However, if a material witness cannot comply with release conditions or there are no release conditions that will assure his appearance, but he will give a deposition that will adequately preserve his testimony, the judicial officer is required to order the witness's release after the taking of the deposition if this will not result in a failure of justice... 1984 U.S. Code Cong. and Adm. News, p. 3182.**

In the instant case, in which the material witnesses will have been incarcerated 45 days on the hearing date of this motion due solely to their inability to secure bond, continued incarceration violates the clearly stated intent of the Congress and the straightforward rulings by the Court of Appeals (Torres-Ruiz v. United States District Court) that such practices shall not be permitted. Prolonged and continued incarceration clearly meets the test of "exceptional circumstances" as referenced in Torres-Ruiz v. United States District Court. In another case where the material witness had been in custody for <u>three weeks</u>, the Fourth Circuit held that continued incarceration with no prospective surety available to post bond was an exceptional circumstance justifying deposition and release of the material witness. (United States v. Rivera, 859 F.2d, 1204, 1205 (4th Cir. 1988)

The circumstances in this case are similar to Torres-Ruiz and Rivera, as the material witnesses in this case continue to be held for no purpose other than to be a witness owing solely to his inability to post bond. Because deposition serves as an adequate alternative to their continued incarceration, MING ZHOU ZHU, LIANGNENG JIANG, YUHAI WANG, XUZAI DONG and LIQIU LIN have "an overriding liberty interest in not being detained as a material witness when the deposition serves as an adequate alternative to prolonged detention." (Aguilar-Ayala v. Ruiz, 973 F.2d 411, 419-420 (5th Cir. 1992)). Under the standards articulated by the Court of Appeals, prolonged incarceration of MING ZHOU ZHU, LIANGNENG JIANG, YUHAI WANG, XUZAI DONG and LIQIU LIN merely because of their inability to secure bond thus is an exceptional circumstance that

mandates their immediate deposition and release.

Exceptional circumstances also may be shown by the effect of prolonged incarceration on the family of the material witnesses. (Torres-Ruiz v. United States District for the Southern District of California) In the Torres-Ruiz case, the material witnesses were held more than 60 days and the Ninth Circuit held "the continued detention of . . . material witnesses, whose testimony could be adequately preserved by videotaped deposition and whose families are suffering extreme hardship as a result of petitioner's continued detention, is an exceptional circumstance justifying the extraordinary remedy of mandamus. . ." and ordered the district court to "schedule video depositions of petitioners at the earliest possible date."

In the instant matter, counsel acting on behalf of the detained material witnesses believes there will be no failure of justice in requiring a deposition, and asserts that such is supported by case law. It is true that the defendants have a Constitutional right to confront and cross-examine witnesses against them, but these rights must be balanced against the Constitutional rights of the detained witnesses. In this matter, the defendant is represented by counsel who has been notified of the deposition and invited to ask all questions of the witnesses which counsel believes will further his case.

III.

CONCLUSION

Under the clear meaning of U.S.C. Section 3144, legislative

**history and relevant case law, the ordering of a deposition and subsequent release of these material witnesses is mandatory. With that in mind, the witnesses respectfully request this Court grant a video deposition of their testimony and then order their release.**

**DATED: February 26, 2008**

**/s/ Al Smithson**
**AL SMITHSON, Attorney for Material Witnesses**
**MING ZHOU ZHU**
**LIANGNENG JIANG**
**YUHAI WANG**
**XUZAI DONG**
**LIQIU LIN**