FILED
MAR 13 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
(Honorable RUBEN B. BROOKS)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHEONG SAU WONG,<br>XU JUN LEE<br><br>Defendants. | CRIMINAL CASE 08CR0369-JLS<br>MAGISTRATE CASE 08MJ8096-PCL<br>DATE: March 13, 2008<br>TIME: 9:00 A.M.<br>COURTROOM B<br><br>ORDER<br>SETTING VIDEO DEPOSITION<br>OF MATERIAL WITNESSES<br>MING ZHOU ZHU<br>LIANGNENG JIANG<br>YUHAI WANG<br>XUZAI DONG<br>LIQIU LIN |

On application of Attorney Al Smithson, on behalf of the above-named material witnesses, and good cause appearing:

1. The material witnesses, MING ZHOU ZHU, LIANGNENG JIANG, YUHAI WANG, XUZAI DONG and LIQIU LIN, being held in custody in case number 08CR0369-JLS shall be deposed on April 9, 2008 at 9:00 a.m., at a place designated in the United States Attorneys Office at 880 Front Street, San Diego, California.

2. All parties shall attend the deposition. The arresting

agency shall bring the material witnesses to the deposition. If any defendant is in custody, that defendant or those defendants shall be brought separately to the deposition. A marshal shall remain present throughout the preceding.

3. The United States Attorney's office shall provide a videotape and audio tape operator and arrange for a court-certified interpreter to be present for the material witnesses, if necessary.

4. The cost of the interpreter for the material witnesses will be borne by the Court.

5. If the defendants need an interpreter independent of the material witness interpreter (if any), defense counsel will arrange for a court-certified interpreter to be present. The cost of a separate interpreter for the defendants shall be paid by the Court.

6. A notary is to preside at the deposition in accordance with Rule 28(a), Fed.R.Civ.P. The parties may, by written stipulation, agree to selection of any state certified notary. In the absence of a written stipulation, the U.S. Attorney's Office shall provide and pay for a notary as set forth in Fed.R.Civ.P. 28(c).

7. The deposition shall be videotape and audiotape recorded. Prior to the conclusion of the deposition, the deponent, or a party, may, for good faith reasons, elect to have the deponent review the videotaped record of their deposition so as to check the recording for errors or omissions and to note any changes. Any errors or changes, and the reasons for making them,

shall be stated in writing and such writing shall be signed by the deponent.

8. The videotape operator shall select and supply all equipment required to videotape the deposition and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. He or she shall determine these matters in a manner that accurately reproduces the appearance of each witness and assures clear reproduction of both the witness' testimony and the statements of counsel. The witnesses, or any party to the action, may place upon the record any objection to the videotape operator's handling of any of these matters. Such objections shall be considered by the Court in ruling on the admissibility of the video record. All such objections shall be deemed waived unless made promptly after the objector knows, or has reasonable grounds to know, of the basis of such objection.

9. The deposition shall be recorded in a fair, impartial, objective manner. The videotape equipment shall be focused on each witness; however, the videotape operator may from time to time focus upon charts, photographs, exhibits or like material being shown to the witness during the deposition.

10. Before examination of each of the witnesses, the Assistant United States Attorney shall state on the video record his or her name; the date, time and place of the deposition; the name of the witness and the caption of the action; the identity of the parties and the names of all persons present in the deposition room. A notary shall then swear the witness on the

video record. Further, at the beginning of the examination by each counsel, the counsel shall identify himself or herself and his or her respective client on the record.

11. The videotape operator shall not stop the video recorder after the deposition commences until it concludes, except, however, that any party may request a cessation for a brief recess, which request will be honored unless another party objects and states the basis for said objection on the record. Each time the tape is stopped or started, the operator shall announces the time on the record. If the deposition requires the use of more than one tape, the end of each tape and the beginning of the next shall be announced orally on the video record by the operator.

12. Testimonial evidence objected to shall be recorded as if the objection had been overruled and the court shall rule on the objections prior to admitting that portion of the deposition. The party raising the objection(s) shall be responsible for preparing a transcript for the court to consider. All objections to the evidence presented shall be deemed waived unless made during the deposition.

13. The party offering the deposition into evidence at trial shall be responsible for providing the Court with a transcript of the portions so offered. The transcript will be used in lieu of contemporaneous transcription by the court reporter.

14. Copies of all exhibits utilized during the videotaped deposition shall be attached to the videotaped record.

15. At the conclusion of the deposition, the Government and

defendants will advise the material witnesses attorney if they intend to object to the release of the material witnesses. If the parties do not object to the release of material witnesses, the Government will immediately approve the release order of each material witness. The Government will provide the witnesses with a subpoena for the trial date and a travel fund advance letter.

16. If either party objects to the release of the material witnesses, the objecting party must within four business hours after the deposition has concluded request a hearing on the issue before the District Court. At the hearing, the objecting party must be prepared to show why live witness testimony is vital to its case. If, after the hearing, the Court decides to release the material witnesses, the material witness attorney should file the witness release order immediately. Again, the Government must serve each material witness with a trial subpoena and a travel fund advance letter before the material witness is released from custody.

17. The Assistant United States Attorney shall maintain custody of the original videotape of the deposition along with a certificate signed by the videotape operator attesting that it is an accurate and complete recording of the deposition until such time as any party or the material witness' attorney requests that it be filed with the court.

18. Upon such request, the Assistant United States Attorney shall file this original tape, along with the certification, with the court in a sealed envelope marked with the caption of the case, the name of the witness and the date of the deposition.

19. Upon request by either party, the Assistant United States Attorney shall provide a copy of the videotaped deposition to the requesting party at the requesting party's expense.

20. The stenographic transcript shall be filed with the Court as necessary pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, as applicable.

21. Unless waived by the parties, prompt notice shall be given to all parties of the filing of the videotaped record of the deposition with the Court pursuant to Fed.R.Civ.P. 30(f) (3).

IT IS SO ORDERED.

DATED: 3/13/2008

[signature]

RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE