KAREN P. HEWITT
United States Attorney
A. DALE BLANKENSHIP
Assistant United States Attorney
California State Bar No. 235960
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6199/(619) 235-2757 (Fax)
Email: Dale.Blankenship@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>CHEONG SAU WONG(1),<br>XU JUN LEE(2)<br>Defendants. | Criminal Case No. 08CR0249-BTM<br><br>DATE: March 21, 2008<br>TIME: 1:30 p.m.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and A. DALE BLANKENSHIP, Assistant United States Attorney, and hereby files the attached statement of facts and memorandum of points and authorities in support of government's motion for reciprocal discovery.

//

//

//

//

//

//

//

# I

# STATEMENT OF THE CASE

On February 13, 2008, a federal grand jury for the Southern District of California returned a five-count Indictment, charging Defendants, Cheong Sau Wong(1) and Xu Jun Lee(2) with transportation of illegal aliens and aiding and abetting in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II). Both Defendants were arraigned on the Indictment on February 14, 2008, and entered a not guilty plea.

On February 25, 2008, Defendant(2), Xu Jun Lee, filed motions to compel discovery; and leave to file further motions. On March 7, 2008, Defendant(1), Cheong Sau Wong, filed motions to compel discovery, dismiss the indictment due to misinstruction of the grand jury and leave to file further motions. On March 10, 2008, Defendant(2) filed a motion to join the motion to dismiss the indictment due to misinstruction of the grand jury filed by Defendant(1).

# II

# STATEMENT OF FACTS

## A. IMMIGRATION HISTORY

Defendant(1) is a United States citizen.

Defendant(2) is a citizen of China and a legal permanent resident of the United States.

## B. CRIMINAL AND ARREST HISTORY

Defendant(2) has several arrests involving prostitution.

## C. ALIEN-SMUGGLING

On January 29, 2008, at approximately 4:30 p.m., Bureau of Land Management ("BLM") Law Enforcement Rangers Cox, Nieblas and Kent, were on patrol on BLM lands, on County Road S-2, near the San Diego and Imperial County line. The rangers observed two vehicles traveling in tandem driving north on S-2. The vehicles were traveling very closely together at a high rate of speed for the road conditions. County Road S-2 has many elevation changes, curves, and blind spots. The front vehicle was a white 2004 GMC cargo van with California license plate #7H22487, the rear vehicle was a 20087 Mercury Mountaineer SUV with California license plate #6CEK721.

1. SUV Traffic Stop

Ranger Kent left his stationary position in his marked BLM law enforcement vehicle, and Rangers Cox and Nieblas left there stationary position in their BLM law enforcement vehicle, and began following the SUV and van. Due to the vehicles' high rate of speed, the rangers traveled several miles before catching up with the vehicles. When Ranger Kent was able to catch up to the vehicles, he observed the SUV pass the van on a blind curve. Ranger Kent observed the SUV cross the solid double yellow lines, overtake the van and continue driving. When conditions were safe, Ranger Kent passed the van, and as he approached the SUV, it pulled to the side of the road, onto the shoulder, before Ranger Kent activated his emergency lights and sirens.

Ranger Kent pulled in behind the SUV, activated his emergency lights, and requested a records check on the license plate. The dispatcher informed Ranger Kent that the vehicle was a rental vehicle. Ranger Kent and approached the vehicle on the driver's side and asked the driver, and sole occupant of the vehicle, Xu Jun Lee (Defendant(2)), for his driver's license and insurance information. Defendant(2) provided his California driver's license and a rental contract from Budget Rental Cars in Yuma, Arizona. Ranger Kent asked Defendant where he was coming from and Defendant(2) replied that he was coming from Yuma, Arizona. Ranger Kent asked Defendant(2) where he was going, and he replied that he was going to Julian, to visit his uncle. Ranger Kent asked if he knows where his uncle lives in Julian, and Defendant(2) responded that he does not know. When asked if he lives in Yuma, Defendant(2) responded that he lives in San Jose.

Ranger Kent returned to his service vehicle to inform dispatch of his status. When Ranger Kent returned to the vehicle, he asked Defendant(2) if he knew the person driving the van. Defendant(2) responded that it was his uncle. Ranger Kent again asked Defendant(2) why he was going to Julian, and Defendant(2) responded that he was helping his Uncle move from Yuma to Julian. Ranger Kent asked Defendant(2) why he passed his uncle in such a dangerous way, and Defendant(2) responded that his uncle was driving to slowly. Ranger Kent observed that Defendant(2) had trembling hands, and appeared to be nervous while answering questions. Ranger Kent also observed a camouflage two-way radio on the floor of the passenger floorboard and a cell phone under the passenger seat. Ranger Kent then escorted Defendant(2) from the location where Defendant(2) pulled over, to the location of the

white van which had been pulled over by Rangers Nieblas and Cox.

Upon arriving at the location of the white van, Ranger Kent observed that Rangers Nieblas and Cox were removing persons from the white van. Ranger Kent also observed that individuals were inside a wooden box in the back of the van. Ranger Kent conducted a pat down of Defendant(2) for officer safety and handcuffed Defendant(2). During the patdown, Ranger Kent discovered a large bundle of one hundred dollar bills in front pants pocket of Defendant(2). Ranger Kent discovered several bundles of U.S. currency in a bag on the front passenger seat of the SUV. The total amount of currency found on the person of Defendant(2) was $1,200.00. The total amount of currency in the bag was $11,300.00. Ranger Kent asked Defendant(2) who owned the money and Defendant(2) replied that some was his and some was not. Ranger Kent issued a state citation to Defendant(2) for false statement, unsafe passing and crossing the double yellow lines.

2. Cargo Van Traffic Stop

Law Enforcement Rangers Nieblas and Cox left their stationary position in a marked BLM law enforcement vehicle and began following the SUV and van. Upon reaching the position of the cargo van, Ranger Nieblas observed the SUV pass the van. After the SUV passed the cargo van, Ranger Nieblas observed that the cargo van was swerving toward the fog line. Ranger Nieblas initiated a traffic stop by activating his emergency lights and siren. Ranger Nieblas approached the vehicle on the passenger side, and Ranger Cox approached on the driver's side. Ranger Nieblas ordered Defendant(1), CHEONG SAU WONG, to turn off the vehicle. Ranger Nieblas observed that the entire passenger area of the van was filled with furniture and a computer. Ranger Nieblas also observed that Defendant(1) appeared to be nervous, his whole body was shaking and his arms were flinging all over the steering wheel.

Ranger Nieblas asked Defendant(1) if there were any other occupants in the vehicle, and Defendant(1) responded that there were not. Ranger Nieblas asked what was in the back of the van and Defendant(1) responded that he had a computer in the back. Ranger Nieblas asked Defendant(1) for permission to search the vehicle and Defendant(1) consented. Ranger Nieblas also asked Defendant(1) if he was traveling with the SUV and he replied that he was not. Ranger Nieblas communicated with Ranger Kent and was informed of the statement by Defendant(2) that he was traveling with

Defendant(1).

While searching the back of the cargo van, Ranger Nieblas heard movement in the back of the vehicle. While Ranger Cox continued to search the vehicle, Ranger Nieblas again asked Defendant(1) if there were people inside the van and he replied no. Ranger Nieblas asked Defendant(1) where he lives Defendant(1) replied that he lives in Yuma. Defendant(1) further stated that he was coming from Yuma and that he was going to Julian. Defendant(1) denied knowing the driver of the SUV.

During the vehicle search, the Rangers found a wooden box. Ranger shined a flashlight through the crack in the box and determined that people were hidden inside the box, but they could not exit the box because a sofa was resting on top of the box, and the rear of the box was blocked by two washers secured tightly by the rear doors. The sofa was removed and Ranger Cox broke open the wooden box. Ranger Nieblas observed 4 males and one female cramped inside the box. All were barefoot, soaked in sweat, and flushed. The female appeared to by unconscious, and it took several loud orders to get her to respond. There was no food or water inside the box.

Ranger Nieblas found a receipt for the purchase of the vehicle for $10,000.00 cash inside the passenger door panel. Ranger Cox found a camouflage two-way radio matching the radio in the SUV, and two cell phones in the drivers area of the cargo van. Rangers also found Chinese and Korean currency in the vehicle. Ranger Nieblas cited Defendant(1) for providing false information, people riding in the vehicle where not designated, and no proof of insurance.

Ranger Nieblas contacted United States Border Patrol and Border Patrol Agent Eduardo Vasquez and Samuel Morales responded to the scene. Border Patrol Agents then transported the Defendants and the material witnesses to the El Centro Border Patrol Station for processing.

**D. <u>DEFENDANT'S STATEMENT</u>**

Immigration and Customs Enforcement ("ICE") Agents Paul Lewenthal and Chris Miller responded to the El Centro Border Patrol Station to assist. The ICE agents advised each Defendant of his <u>Miranda</u> rights and each Defendant invoked.

**E. <u>MATERIAL WITNESS'S STATEMENT</u>**

The ICE agents conducted interviews with each of the material witnesses utilizing the services of Customs and Border Protection language line translator.

Material Witness Ligin Lin stated that he is a citizen of China and that he had no immigration documents that would allow him to enter the United States. Lin stated that he traveled from China to the United States by way of bus then boat. Lin stated that he believes that he has been in the United States for approximately 2 months. Lin stated that a friend of his made arrangements for his passage and that he did not know the amount that was to be paid. Lin stated that he did not know where he was traveling in the United States. Lin also stated that he was inside the compartment for approximately 2 hours and that he was not aware of who put him there.

Material Witness Liangeng Jiang stated that he is a citizen of China and that he too did not have immigration documents. Jiang stated that he left China approximately 2 months ago and traveled to an unknown place. Jiang stated that his uncle made his travel arrangements and that he did not know how much was to be paid. Jiang also stated that he was inside the compartment for 2 to 3 hours and that he could barely breathe, that there was nothing to drink, that he could not move, and that he felt hot and sweaty.

Material Witness Yuhai Wang stated that he also is a citizen of China with no documents to enter the United States. Wang stated that he left China approximately one year ago and traveled to unknown countries. Wang stated that a friend of his made arrangements for his passage and that he did not know the amount that was to be paid. Wang also stated that he was inside the compartment for approximately 1 hour, that he could not breathe, that he could not move, and that he could not get out of the compartment.

Material Witness Xuzai Dong, stated that he also is a citizen of China with no documents to enter the United States. Dong stated that he left China approximately 6 months ago and traveled to unknown countries by plane. Dong stated that he did not know where he was going in the United States. Dong also stated that he could not move inside the compartment, that he felt hot, that he could not breathe.

Material Witness Ming Zhou Zhu stated that she also is a citizen of China with no documents to enter the United States. Zhu stated that he left China in October of 2007 and traveled to unknown countries by plane, train and bus. Zhu stated that a friend of hers made arrangements for her passage and that she did not know the amount that was to be charged. Zhu also stated that she could not breathe, that she could not move, and that she could not get out of the compartment.

## III

## GOVERNMENT'S MOTIONS

### A. UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY

The Government has voluntarily complied and continues to comply with the requirements of Rule 16(a). To date, the Government has provided 128 pages of discovery and to defendant. The United States, pursuant to Rule 16(b), hereby requests defendant to permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of defendant and which he intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of defendant, which he intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom defendant intends to call as a witness. The United States also requests that the court make such orders as it deems necessary under Rule 16(d)(1) and (2) to insure that the United States receives the discovery to which it is entitled.

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except the defendant. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

//

//

//

//

//

**IV**

**CONCLUSION**

For the foregoing reason, the Government respectfully requests that its motions for reciprocal discovery be granted.

DATED: March 18, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

S/ A. Dale Blankenship
A. DALE BLANKENSHIP
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: Dale.Blankenship@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CHEONG SAU WONG(1),<br>XU JUN LEE(2),<br>Defendants. | Criminal Case No. 08CR0369-JLS<br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, A. DALE BLANKENSHIP, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **NOTICE OF MOTION AND MOTION FOR RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Leila Morgan, Esq., Federal Defenders of San Diego**
Leila_Morgan@fd.org
**Steven E. Feldman, Esq., Law Offices of Steven E. Feldman**,
sfeldman77@san.rr.com

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

**None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 18, 2008.

s/ A. Dale Blankenship
A. DALE BLANKENSHIP